UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KATRINA SHARPE,

    Plaintiff,

vs.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Defendant.
    _____)

## COMPLAINT

The Plaintiff, Katrina Sharpe ("SHARPE"), by and through the undersigned counsel, hereby sues The Lincoln National Life Insurance Company f/k/a Lincoln Life Assurance Company of Boston ("LINCOLN") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. SHARPE was at all times relevant a plan participant under the Mount Sinai Medical Center ("Mount Sinai") Group Long Term Disability Policy.

3. Defendant, LINCOLN, is a corporation with its principal place of business in the State of Indiana, authorized to transact and is transacting business in, and may be found in the Southern District of Florida. LINCOLN is the insurer of benefits under the Mount Sinai LTD Plans and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, LINCOLN administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINCOLN LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Mount Sinai under which SHARPE was a participant, and pursuant to which SHARPE is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of LTD Plan, SHARPE is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as SHARPE remains disabled as required under the terms and conditions of the LTD plans.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINCOLN, is authorized to and is doing business within the Southern District of Florida and SHARPE is a citizen of Miami-Dade County, Florida.

**COUNT I:**
**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. SHARPE incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, SHARPE was a plan participant or former plan participant under the terms and conditions of the LTD Plan.

8. Prior to disability SHARPE worked as a Medical Collector for Mount Sinai.

9. The LTD Plan defines "Disability" or "Disabled", with respect to Long

Term Disability, means: 1. For persons other than pilots, co-pilots, and crewmembers of an aircraft: Applicable to Class 1, 2, 3, 4, 5, 6, 7, 8, 9, 10: (a) a. i. if the Covered Person is eligible for the 36 Month Own Occupation benefit, "Disability" or "Disabled" means that during the Elimination Period and the next 36 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation.

10. Material and Substantial Duties means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.

11. Own Occupation with respect to Long Term Disability, means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Lincoln will consider the Covered Person's occupation as it is normally performed in the national economy.

12. During the course of SHARPE's employment, SHARPE became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while SHARPE was covered under the LTD Plans, SHARPE suffered a disability, the nature of which due to privacy concerns is set forth in detail in the administrative record, rendering her disabled as defined under the terms of the LTD Plan.

13. Pursuant to the terms of the LTD Plans, SHARPE made a claim to LINCOLN for benefits under the LTD Plan with an effective date of disability of July 2, 2021.

14. Following the applicable Elimination Period, LTD Benefits became payable as of October 1, 2021.

15. LINCOLN initially approved SHARPE's claim for LTD Benefits after its

review of her medical records indicated that she was disabled under the terms and conditions of the policy as it related to her ability to perform her own occupation.

16. On March 16, 2022, LINCOLN notified SHARPE that it was terminating her claim for LTD Benefits effective March 15, 2022, as it had determined she was not disabled from performing the material and substantial duties of her own occupation.

17. On August 3, 2022, SHARPE appealed LINCOLNT's denial of her claim for LTD Benefits.

18. On October 17, 2022, LINCOLN notified SHARPE that it was upholding the denial of her claim for LTD Benefits.

19. SHARPE has exhausted his administrative remedies under the LTD Plan.

20. LINCOLN breached the LTD Plan and violated ERISA in the following respects:

    a. Failing to pay LTD benefits to SHARPE at a time when LINCOLN and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as SHARPE was disabled and unable to work and therefore entitled to benefits.

    b. After SHARPE's claim was denied in whole or in part, LINCOLN failed to adequately describe to SHARPE any additional material or information necessary for SHARPE to perfect her claim along with an explanation of why such material is or was necessary.

    c. LINCOLN failed to properly and adequately investigate the merits of SHARPE's disability claim and failed to provide a full and fair review of SHARPE's claim.

21. SHARPE believes and alleges that LINCOLN wrongfully denied her claim

for LTD Benefits under the LTD Plan by other acts or omissions of which SHARPE is presently unaware, but which may be discovered in this future litigation and which SHARPE will immediately make LINCOLN aware of once said acts or omissions are discovered by SHARPE.

22. As a proximate result of the aforementioned wrongful conduct of LINCOLN under the LTD Plan, SHARPE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

23. As a further direct and proximate result of this improper determination regarding SHARPE's claims for benefits, SHARPE, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), SHARPE is entitled to have such fees and costs paid by LINCOLN.

24. The wrongful conduct of LINCOLN has created uncertainty where none should exist; therefore, SHARPE is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Katrina Sharpe prays for relief against the LINCOLN Life Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order

remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

      4.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

      5.     Payment of prejudgment and post judgment interest as allowed for under ERISA; and

      6.     Such other and further relief as this Court deems just and proper.

DATED: October 27, 2022.

> ATTORNEYS DELL AND SCHAEFER, CHARTERED
> Attorneys for Plaintiff
> 2404 Hollywood Boulevard
> Hollywood, FL 33020
> (954) 620-8300
>
>   /s/ *Stephen F. Jessup*
> STEPHEN F. JESSUP, ESQUIRE
> Florida Bar No.: 0026264
> Email: stephen@diattorney.com